People v Garbutt (2024 NY Slip Op 00542)

People v Garbutt

2024 NY Slip Op 00542

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

926 KA 22-01386

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVION GARBUTT, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTINE BIALY-VIAU OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered August 11, 2020. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]) and, in appeal No. 2, he appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]). In both appeals, defendant contends that his waivers of the right to appeal are invalid and that the sentences are unduly harsh and severe. Even assuming, arguendo, that defendant's waivers of the right to appeal from the judgments are invalid (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Montgomery, 204 AD3d 1439, 1440 [4th Dept 2022], lv denied 38 NY3d 1072 [2022]) and thus do not preclude our review of his challenges to the severity of his sentences (see People v Viehdeffer, 189 AD3d 2143, 2144 [4th Dept 2020]; People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude in each appeal that the sentence is not unduly harsh or severe.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court